**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ETHOS GROUP CONSULTING SERVICES, LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:20-cv-1488-L** |
| **WALTER KAWECKI, DAMIAN SMITH, ANDY ATHERTON, and STEPHEN CHAPUT,** | § § § § | |
| Defendants. | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On September 4, 2020, United States Magistrate Judge David L. Horan entered the Findings, Conclusions, and Recommendation ("Report") (Doc. 23), recommending that the court grant Defendants' Walter Kawecki, Damian Smith, Andy Atherton, and Stephen Chaput's (collectively, "Defendants") Motion to Transfer Pursuant to the First Filed Doctrine (Doc. 12)[1] and transfer this action to the United States District Court for the District of Delaware. Specifically, Magistrate Judge Horan determined that the counterclaims asserted by Plaintiff Ethos Group Consulting Service, LLC ("Plaintiff" or "Ethos Group") in the Delaware Action, *VoterLabs, Inc. v. Ethos Group Consulting Services, LLC.*, No. 1:19-cv-00524-RGA ("Delaware Action"), substantially overlap with the claims asserted by Ethos Group in the action before this court, as they arise from or relate to the events surrounding the same agreement. Accordingly, he recommends that this action be transferred under the first-to-file doctrine. Ethos Group filed its Objections (Doc. 24) on September 18, 2020; Defendants filed their Opposition to Plaintiff's

---

[1] In their Motion, Defendants also filed, in the alternative, a motion for more definite statement under Rule 12(e) and a motion to dismiss under Rule 12(b)(6). Magistrate Judge Horan determined that the court need not consider these alternative motions, as he recommends that the case be transferred under the first-to-file rule.

**Memorandum Opinion and Order – Page 1**

Objections (Doc. 25) on October 9, 2020; and Ethos Group filed its Reply (Doc. 28) on October 26, 2020.

## I.      Parties' Objections

### A.      Ethos Group Objections

Ethos Group objects to the Report on three grounds.  First, it asserts that the Report erred by determining substantial similarity between the Texas and Delaware Actions exists based on the Proposed Delaware Amendment,[2] which was not the live pleading at the time Defendants filed their motion to transfer.  It highlights that the Proposed Delaware Amendment was opposed by Defendants and was pending before the Delaware court at the time the Report was entered;[3] and, thus, it asserts that the only live counterclaim before the Delaware court was a breach of contract claim against VoterLabs, Inc.[4] Comparing the Complaint (Doc. 1) in this action with its live breach of contract counterclaim in the Delaware action, Ethos Group contends: "(1) the parties are not the same[;] (2) the claims are not the same[;] and (3) the underlying facts, while similar, are not *substantially* similar." Pl.'s Obj. 5 (citation omitted).  Specifically, it reiterates:

> The Delaware Contract Counterclaim does not bring claims against any of the Defendants and contains only a breach of contract counterclaim against VoterLabs.  Rather, it alleges that VoterLabs failed to perform its obligations under agreements between Ethos Consulting and VoterLabs, and seeks rescission of the same and return of funds.  In contrast, the Texas Complaint brings claims against the Defendants based on multiple misrepresentations before, during, and after VoterLabs's alleged performance under the agreements, defined as the "Revenue Misrepresentations," "Cost Misrepresentations," "April Misrepresentations," the "June Misrepresentations," and the "September Misrepresentations," and the

---

[2] The "Proposed Delaware Amendment" refers to Ethos Group's request for leave to amend its counterclaims in the Delaware Action to include fraud-based claims against VoterLabs, Inc.

[3] The magistrate judge in the Delaware action recommended that the court grant Ethos Group's motion for leave to amend its counterclaims to add its fraud-based claims.  On December 4, 2020, the Delaware district court adopted the magistrate judge's recommendation and granted Ethos Group's request to amend its counterclaims. Ethos Group's Amended Answer and Counterclaims was filed the same day. *VoterLabs, Inc.*, No. 1:19-cv-00524-RGA, at Docs. 122 & 123.

[4] The parties allege that Defendant Kawecki is the chief executive officer of VoterLabs, Inc. and that Defendants Smith, Atherton, and Chaput are equity holders in the company and involved in company activities.

> December Misrepresentations." These misrepresentations induced Ethos Consulting to make, and continue making, payments to VoterLabs and later enter the agreements, and caused injuries felt in Texas.

*Id.* (footnotes omitted). For these reasons, it objects to Magistrate Judge Horan's finding that the Texas Complaint is substantially similar to the Proposed Delaware Amendment, as it is not the live pleading at issue.

Second, Ethos Group objects to Magistrate Judge Horan's reliance on *Cadle Co. v. Whataburger of Alice, Inc*, 174 F.3d 599, 603 (5th Cir. 1999), and asserts that he erred in finding that Defendants' consent to personal jurisdiction of the transferee court, through their motion to transfer, supports transfer of this action under 28 U.S.C. § 1404(a). Specifically, it asserts that the first-to-file doctrine does not negate the requirement under Section 1404(a) "that an action may be transferred only to a district where it 'might have been brought.'" Pl.'s Obj. 6 (quoting *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018)). It further asserts that neither *Cadle* nor any cases in this court or the Fifth Circuit "has ruled on the interplay between the first-to-file rule in relation to 28 U.S.C. § 1404(a), or consent to personal jurisdiction of the transferee court." *Id*. Thus, it asserts that the court should follow the reasoning of the court in *American Home Mortg. Servicing, Inc. v. Triad Guar. Ins. Corp.*, 714 F. Supp. 2d 648 (N.D. Tex. 2010), and the Ninth Circuit's opinion in *In re Bozic*, 888 F.3d 1048 (9th Cir. 2018), to hold that the first-to-file doctrine does not negate the requirements of Section 1404(a), including the existence of personal jurisdiction.

Following this guidance, Ethos Group also asserts that Magistrate Judge Horan erred in determining that all parties consented to personal jurisdiction and venue in Delaware for the purposes of Defendants' motion to transfer. It further contends that Defendants' assertion that the 2011 amendment to Section 1404(a), which added the language that a case may be transferred "to any district or division to which all parties consented," completely abrogates the Supreme Court's decision in *Hoffman v. Blaski*, 363 U.S. 335, 644 (1960), is misguided. Ethos Group contends that

the amendment does not abrogate *Hoffman*'s instruction that a moving party cannot waive a lack of jurisdiction to secure transfer. Instead, it asserts that the amendment abrogated *Hoffman* "only to the extent that, if *all* parties consent to transfer to a certain district at the time the 'second' suit is filed (and here, they have not), a district court *may* transfer an action to that district even if it is not where the case 'might have been brought.'" Pl.'s Obj. 8 (citing *Hoffman*, 363 U.S. at 344, and 28 U.S.C. § 1404(a)).

Ethos Group also asserts that while Defendants' contention that it consented to jurisdiction in Delaware because it is a Delaware limited liability company and maintains an agent for service of process in Delaware is factually correct, these facts do not "transform the District of Delaware into a district 'where this action might have been brought' or where 'all parties have consented,'" as required under Section 1404(a). *Id.* at 9. Additionally, it contends that Defendants' after-the-fact consent by filing their motion to transfer is insufficient to establish consent to jurisdiction in Delaware at the time the Texas Action was filed. Accordingly, it asserts that Magistrate Judge Horan erred in finding that Defendants consented to personal jurisdiction and venue in Delaware by way of filing their motion to transfer. Thus, for the reasons discussed, Ethos Group asserts that Defendants' motion to transfer should be denied.

### B. Defendants' Response to Plaintiff's Objections

Defendants contend that Ethos Group's objections to the Report lack merit. First, they contend that Ethos Group's objection to Magistrate Judge Horan's comparison of the Texas Complaint to the Proposed Delaware Amendment mischaracterizes his findings, as the Report indicates that the two actions are substantially similar because "[b]oth lawsuits arise from or relate to the same agreement between Ethos Group and VoterLabs to engineer and develop custom software. And both lawsuits arise from or relate to the events surrounding that agreement." Defs.' Obj. 15 (citing Report 5) (internal quotations omitted). Thus, they contend that the core

observation of Magistrate Judge Horan is not undermined by his comparison of the Texas Complaint to the Proposed Delaware Amendment, rather than the live counterclaim at the time this action was filed.  Defendants also assert that there is no requirement that the court is obliged to compare the Texas Complaint only to the live breach of contract counterclaim in the Delaware Action.

Defendants further assert that Ethos Group's Proposed Delaware Amendment is an attempt to rewrite the narrative initially alleged in its breach of contract counterclaim.  They also highlight that Ethos Group acknowledged in its motion for leave to amend that its Proposed Delaware Amendment asserts new legal theories but that the discovery related to these fraud-based claims overlaps with the discovery taken with respect to its breach of contract counterclaim.  *Id.* at 16-17. Accordingly, Defendants contend that "[t]he events, facts, and people at the core of both this Texas Action and the Delaware Action, and both Ethos' original and new narrative, are essentially identical and overlap." *Id.* at 17.

With respect to Ethos Group's assertions that the court should consider the interplay between Section 1404(a) and the first-to-file doctrine, Defendants assert that the court need not grapple with this complex question, or critique *In re Bozic* and risk a circuit split. Instead, they contend that, under the plain language of Section 1404(a), the United States District Court for the District of Delaware is a court "to which all parties have consented." *Id.* at 19 (internal quotations omitted). Considering this language and the Supreme Court's guidance in *Hoffman*, Defendants assert that "Ethos Group's formation and organization under Delaware's Limited Liability Company Act (6. Del. C. § 18-201), and maintenance of an agent for service of process in Delaware as required (6. Del. C. § 18-104(a)), are paradigmatic instances of a party having consented to the general jurisdiction (and venue) of Delaware courts." *Id.* at 21.  Thus, Defendants assert that both *Hoffman*  and the plain language of Section 1404(a) support their interpretation

**Memorandum Opinion and Order – Page 5**

that "district . . . to which all parties have consented" includes instances, such as those present here, "where a plaintiff has, through residency/formation, consented to the general jurisdiction of a court, and a defendant has, by a motion to transfer, consented as well." *Id.* Accordingly, Defendants assert that all parties have consented to litigating this action in Delaware, and, thus, transfer would also be appropriate under Section 1404(a).

### C. Plaintiff's Reply in Support of its Objections

In its Reply, Ethos Group acknowledges that if its motion for leave to amend in the Delaware Action is granted, allowing the Proposed Delaware Amendment, "substantial similarity of fact would exist between the instant lawsuit and the Delaware Litigation, but the matters would involve different defendants."  Pl.'s Reply 3.  Nevertheless, Plaintiff maintains its objection to transferring this action because "the requisite jurisdiction and consent do not exist in the transferee court."  *Id.*  Specifically, it highlights that Defendants do not address its argument that the Fifth Circuit has not addressed the interplay between the "first-to-file" doctrine and Section 1404(a), but that they instead reassert their reliance on *Cadle* and other cases citing to *Cadle* in support of their request to transfer. Ethos Group reiterates that *Cadle* did not address the interplay between these two doctrines and that, instead, more analogous cases to consider would be *American Home Mortg. Servicing, Inc.* and *In re Bozic*.  It further contends that Defendants fail to present any reason for the court to reject the reasoning articulated in those cases that the first-to-file rule does not take precedence over Section 1404(a)'s transfer requirements, including the existence of personal jurisdiction. Thus, it reasserts that Defendants' after-the-fact consent by way of its motion to transfer is insufficient to impose jurisdiction on the transferee court.  Accordingly, it maintains that transfer of this action is not warranted, as Defendants have not consented to personal jurisdiction and venue in Delaware.

## II.     Analysis

In determining whether this action should be transferred, the court must consider two key arguments: (1) whether, under the first-to-file doctrine, the Texas and Delaware Actions substantially overlap; and (2) whether the requirements of Section 1404(a) are applicable here. First, with respect to whether the two actions at issue substantially overlap, the court agrees with Magistrate Judge Horan's relied-upon legal standard and his finding and conclusion that substantial overlap exists between the Texas and Delaware Actions. Notably, while Ethos Group initially objected to this finding and conclusion on the basis that Magistrate Judge Horan erred in comparing the Proposed Delaware Amendment to the Texas Complaint, it later acknowledged in its Reply that if its motion for leave in the Delaware court were granted to allow the Proposed Delaware Amendment, substantial similarity of fact between the two actions would exist.[5]

As previously noted, on December 4, 2020, the Delaware district court adopted the magistrate judge's recommendation that it grant Ethos Group's motion for leave to amend its counterclaims, and, as a result, Ethos Group's Amended Answer and Counterclaims were filed the same day. Thus, given Ethos Group's acknowledgement that its amended counterclaims are substantially similar in fact to the claims asserted in the action before this court, any objection to Magistrate Judge Horan's comparison of the Proposed Delaware Amendment and the Texas Complaint is **moot**. Further, there is no dispute that the Delaware Action was filed first. Accordingly, the court, in accordance with Magistrate Judge Horan, determines that the Texas and

---

[5] Ethos Group also noted that the matters, although substantially similar in fact, involved different defendants. This, however, is quite beside the point, as the first-to-file doctrine does not require that the parties be identical.  *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Moreover, that Defendants in this action are allegedly the CEO and equity holders of VoterLabs, the plaintiff in the Delaware Action, any difference between the parties is a distinction without a difference under these circumstances. Further, upon review of the Complaint, Defendants' alleged conduct was performed in their official capacity with respect to VoterLabs.

Delaware Actions substantially overlap for the reasons articulated in the Report; however, this is not the end of the story.

In the absence of compelling circumstances, the first-filed court should be the one to decide whether it will try the case. *Mann Mfg. Inc. v. Hortex Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) (footnote omitted).  While the Fifth Circuit provides little guidance on what constitutes "compelling circumstances," lower courts have considered bad faith conduct in an attempt to delay the filing of an action as such.  *Hart v. Donostia*, 290 F. Supp. 3d 627, 633 n.1 (W.D. Tex. 2018). Ethos Group, however, has made no assertion that compelling circumstances exist to not transfer this action to the Delaware District. Instead, it asserts that Section 1404(a) limits the court's ability to transfer this action under the first-to-file doctrine because the court must first determine whether this action could have been brought in Delaware, or whether all parties consented to jurisdiction in Delaware.  The crux of its objections is that all parties have not consented to jurisdiction in Delaware because: (1) its formation as a Delaware LLC with an agent for service of process for Delaware is insufficient to establish its consent; and (2) Defendants' after-the-fact consent by filing a motion to transfer "plays no role" in the transfer analysis.  Thus, even considering the substantial overlap of the actions, Ethos Group asserts that transfer of this action should be denied under Section 1404(a).

In support of its position, Ethos Group invites the court to adopt the reasoning of the district court in *American Home Mortg. Servicing, Inc.* and the Ninth Circuit in *In re Bozic*, to hold that the first-to-file rules does not negate Section 1404(a)'s transfer requirements, including the existence of personal jurisdiction in the transferee court.  The court, however, declines to accept this invitation.

As Ethos Group acknowledges, the Fifth Circuit has not expressly addressed the interplay, if any, between Section 1404(a) and the first-to-file rule, and Texas federal courts are divided with

respect to such interplay.  Moreover, the court is not bound by the Ninth's Circuit's ruling in *In re Bozic*.  Instead, the court determines, as it has before, that the first-to-file doctrine is a separate analysis from Section 1404(a). Thus, limiting the court's ability to transfer cases by applying the restrictions of Section 1404(a) to the first-to-file analysis undermines the rationale of the first-to-file doctrine, which is to support "comity and sound judicial administration" among federal courts. *Save Power Ltd.*, 121 F.3d at 950.  Taking this approach, the court also relies on the well-reasoned analysis in *Truinject Corp. v. Nestlé S.A.*:

> Except in rare instances, the first-filed court should make decisions regarding substantially overlapping lawsuits, including issues of jurisdiction and venue. *See Cadle*, 174 F.3d at 604. "A second-filed court plays a limited role when presented with a motion to transfer or stay based on the first-to-file-rule." *Stannard v. Nat'l Indoor RV Cts., LLC*, No. 4:18-cv-366, 2018 WL 3608560, at *1 (E.D. Tex. July 27, 2018). And "[a]s the second-filed court, the Court's limited role is to determine whether there is substantial overlap between the two suits." *Platt v. Nash*, No. 4:16-cv-00294, 2016 WL 6037856, at *2 (E.D. Tex. Oct. 14, 2016).  Allowing the non-movant to bootstrap a § 1404 analysis to its response in opposition to a first-to-file motion would cause the Court to unduly encroach upon the domain of a sister court, thereby subverting the first-to-file rule and its purpose altogether.

No. 4:20-cv-457, 2020 WL 6781578, at *1, 3 (E.D. Tex. Nov. 18, 2020) (Mazzant, J.). Thus, the court declines to use Section 1404(a) as a basis to deny transfer of this action, because its inquiry is limited to whether the Texas and Delaware Actions substantially overlap.  Accordingly, issues of jurisdiction should be determined by the first-filed court in the Delaware District.  *See Cadle*, 174 F.3d at 604.  The court further notes that Defendants attempt to transfer is based solely on the first-to-file doctrine, and Ethos Group's attempt to interject Section 1404(a) is merely a distraction. For these reasons, the court **overrules** Ethos Group's objections to the Report regarding the

application of Section 1404(a), as this action should be transferred pursuant to the first-to-file doctrine.[6,7]

The court also notes that Ethos Group's attempts to block transfer of this action by raising a Section 1404(a) argument smacks of gamesmanship. By its own admission, Ethos Group initially sought to bring this action in Delaware pursuant to the forum-selection clause in the agreement central issue to the claims in both lawsuits.  Specifically, Ethos Group stated as follows:

> Pending within the State of Delaware is the lawsuit styled *VoterLabs, Inc. v. Ethos Group Consulting Services, LLC*, No. 1:19-cv-0524-RGA (D. Del.), pursuant to a forum selection clause contained with the Services Agreement. Because the only link to Delaware is the forum selection clause, i.e. no tortious acts occurred in the State of Delaware, on May 30, 2020, Ethos Consulting sent a letter to VoterLabs's counsel informing it of its intent to bring suit against Kawecki and requested that Kawecki agree to consent to the jurisdiction of the federal courts of the State of Delaware. On the same date, Ethos Consulting also requested, through VoterLabs' counsel, that Smith, Atherton, and Chaput enter into tolling agreements. This would allow the parties to either avoid unnecessary jurisdictional litigation, or litigation at this time. None of the Defendants responded. Because jurisdiction does exist in the State of Texas, this claim is filed in this District where the tortious acts and injury were felt.

Compl. 3 n.1. This is further supported by Defendants' recitation of facts in its opposition to Plaintiff's objections. Instead of granting Defendants sufficient time to respond to its requests,[8]

---

[6] The court need not address whether Defendants' after-the-fact consent to jurisdiction in Delaware by way of filing a motion to transfer is effective to support transfer under Section 1404(a), as transfer under the first-to-file doctrine does not depend on the Section 1404 factors.

[7] In its Response to the Motion to Transfer (Doc. 17), Ethos Group asserted that there was no benefit to transfer because there was no guarantee that the actions would be consolidated and there are timing issues.  It did not, however, raise these assertions in its Objections.  Instead, it focuses on the issue of consent to block the transfer.  To the extent Ethos Group maintains that there is no benefit to transfer this action to Delaware, it fails to address—in its Response or its Objections—the convenience factors under Section 1404(a) that weigh in favor of keeping this action in this court.  Thus, even if the court determined that Section 1404(a) played a role in the first-to-file doctrine, Ethos Group has failed to demonstrate—or much less address—that the convenience factors outlined in *In re Volkswagon of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008), weigh in favor of this forum over the District of Delaware, considering the court's ruling under the first-to-file doctrine. Accordingly, the court **overrules** Ethos Group's objections with respect to the application of Section 1404(a) on this basis as well.

[8] Defendants assert that Ethos Group sent a letter to their counsel on May 30, 2020, requesting that they consent to jurisdiction in Delaware by June 2, 2020.  Defs.' Resp. to Obj. 5.  On June 2, 2020, they assert that their counsel requested additional time, and, two days later, scheduled a meet and confer with Ethos Group for June 8, 2020. Defendants assert that Ethos Group skipped the meet and confer and, instead, filed this action.  Ethos Group does not

Ethos Group filed this action in Texas on the same day it sought leave to amend its counterclaims in the Delaware Action, resulting in additional—if not unnecessary—litigation before this court. Accordingly, the court determines that Ethos Group's own acknowledgement in its Complaint undermines its attempt to block transfer by asserting that all parties do not consent to the transfer of this action.  Nevertheless, the court need not determine whether Defendants consented to jurisdiction and venue by filing their motion to transfer, as the court's inquiry is limited to whether the Texas and Delaware Actions substantially overlap, and, for the reasons herein discussed, such overlap exists and transfer to the United States District Court for the District of Delaware is appropriate.

## III.   Conclusion

Having reviewed the pleadings, record, Report, and applicable law, and having conducted a de novo review of the portions of the Report to which objections were made, the court **accepts**, as supplemented herein, the findings and conclusions of the Report; and **deems as moot in part** and **overrules in part** Ethos Group's Objections (Doc. 24). The court, therefore, **grants** Defendants' Motion to Transfer Pursuant to the First Filed Doctrine (Doc. 12); and **denies as moot** their alternative Motions for More Definite Statement Pursuant to Rule 12(e) and to Dismiss Pursuant to Rule 12(b)(6) (Doc. 12), as it need not rule on these motions given the court's ruling on the transfer motion.  Further, these are motions that should be addressed by the transferee court. Accordingly, the court **directs** the clerk of court to **transfer** this action to the United States District Court for the District of Delaware.

---

address this timeline of events.  Accepting Defendants' assertions as true, however, the court determines that Ethos Group did not give Defendants sufficient time to consider its requests before filing this action.

**Memorandum Opinion and Order – Page 11**

**It is so ordered** this 31st day of December, 2020.

Sam A. Lindsay
United States District Judge